UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN L. CORRIGAN,

    Plaintiff,

v.

WSP TROOPER D. DALE and D. BURT; JUDGE A. HILLE, and DEPUTY PROSECUTOR B. SCUDDER,

    Defendants.

NO. CV-07-227-RHW

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are Defendants' Motions for Summary Judgment (Ct. Rec. 24 and 36) and Defendants Hille and Scudder's Motion for Sanctions re: Rule 11 (Ct. Rec. 28). The motions were heard without oral argument.

## BACKGROUND FACTS

The following facts are taken from Plaintiff's Complaint:

On February 6, 2003, Plaintiff was driving westbound on Interstate 90. He was stopped for alleged traffic infractions by Defendants Dale and Burt. Plaintiff refused to sign the notice of the civil infraction and was given a criminal misdemeanor infraction for refusing to sign the civil infraction. As a result, he was arrested without a warrant and without probable cause.

Plaintiff was held at the county jail, booked, fingerprinted, photographed, and strip-searched. He was incarcerated for a period of approximately four hours. He had numerous hearings at Adams County District Court, which he attended at considerable expense because he lives in Auburn, Washington.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 1**

At some point, his vehicle was searched. His car was also impounded and he had to spend money to retrieve his car from impound.

On May 9, 2003, Plaintiff was convicted of failure to sign a traffic infraction. He was sentenced to 90 days in jail with 85 days suspended, and a fine of $1,000 with $525 suspended.

According to Plaintiff, Defendants Hille and Scudder maliciously prosecuted and denied him due process when they ignored legitimate motions before the court, refused to provide discovery, set unreasonable bail, gave an outrageous sentence, and incorrectly instructed the jury.

Plaintiff asserts that his constitutional rights were violated as a result of this wrongful conduct. Plaintiff filed a Complaint in the Eastern District of Washington on July 16, 2007, alleging claims under 42 U.S.C. § 1983, as well as state law claims.[1]

## DISCUSSION

**A.    Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the

---

[1] Previously, Plaintiff filed a similar Complaint in the Eastern District of Washington on July 18, 2003 (CV-03-247-FVS). On August 23, 2004, Judge Van Sickle granted the Defendants' motions for summary judgment. The Ninth Circuit affirmed the district court's dismissal of Plaintiff's action, but reversed the award of attorney's fees.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 2**

initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.     Defendants' Motions for Summary Judgment**

Defendants Hille and Scudder presented numerous arguments in support of their motion for summary judgment. The Court agrees that: Plaintiff's complaint is barred by the statute of limitations and should be stricken for failure to serve any Defendant within 120 days of filing; the doctrine of collateral estoppel bars Plaintiff from relitigating this action; Defendants Hille and Scudder are immune from suit; and Plaintiff has failed to show that his conviction and sentence have been invalidated, accordingly, his claim is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Defendants Dale and Burt also presented numerous arguments in support of their motion for summary judgment. The Court agrees that: Plaintiff failed to properly serve Defendants Dale and Burt within 120 days of filing his complaint;

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 3**

Plaintiff failed to bring this action within three years of the date that the cause of action occurred; the doctrines of claim preclusion and/or issue preclusion bar re-litigation of Plaintiff's claims; and Plaintiff has failed to show that his conviction and sentence have been invalidated, accordingly, his claim is barred pursuant to pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

As such, Plaintiff's claims fail as a matter of law and summary judgment in favor of Defendants is appropriate.

**C.   Defendant Hille and Scudder's Motion for Sanctions**

Defendants Hille and Scudder asks for attorneys' fees in order to recover the costs of defending against the above-captioned case. The Court finds that reasonable attorneys' fees are warranted.

A side-by-side comparison between the suit filed in 2003 and the above-captioned case reveals that the two complaints are virtually identical. Plaintiff lost his action in 2003, and has not provided a basis for filing an identical complaint in 2007. In his response, Plaintiff does not address the question of whether sanctions should be awarded in this case. Rather, Plaintiff spends considerable effort in addressing the prior cases in which sanctions were awarded and setting forth arguments as to why those cases were wrongly decided. As such, Defendants Hille and Scudder are entitled to reasonable attorneys' fees.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Hille and Scudder's Motion for Summary Judgment (Ct. Rec. 24) is **GRANTED**.

2. Defendants Dale and Burt's Motion for Summary Judgment (Ct. Rec. 36) is **GRANTED.**

3. Defendants' Hille and Scudder's Motion for Sanctions re: Rule 11 (Ct. Rec. 28) is **GRANTED.**

4. No later than two weeks from the date of this Order, Defendants Hille and Scudder shall submit briefing to the Court on the amount of reasonable

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 4**

1  attorneys' fees expended in bringing their motions and defending against this
2  action.  Defendant is directed to file affidavits and a memorandum setting forth the
3  legal basis and justifications for any amount requested.  Plaintiff shall respond
4  according to the deadlines set forth in the Local Rules.

5.  Plaintiff's Motion to Clarify (Ct. Rec. 20) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, and forward copies to counsel.

**DATED** this 14th day of April, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Corrigan\grantsj.wpd

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 5**