1

2

3

4

5

6           UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
7

8    JOHN L. CORRIGAN,

9           Plaintiff,                          NO.  CV-07-227-RHW

10          v.

11   WSP TROOPER D. DALE and D.        **ORDER GRANTING**
     BURT; JUDGE A. HILLE, and         **DEFENDANTS' MOTION FOR**
12   DEPUTY PROSECUTOR B.               **SUMMARY JUDGMENT;**
     SCUDDER,                          **DENYING PLAINTIFF'S**
13                                      **MOTION FOR RECUSAL**
            Defendants.
14

15          Before the Court are Defendants Dale and Burt's Motion for Summary

16   Judgment (Ct. Rec. 86), and Plaintiff's Motion for Recusal (Ct. Rec. 90).  The

17   motions were heard without oral argument.

18   **1.     Plaintiff's Motion for Recusal**

19          Plaintiff asks this Court to recuse itself from the above-captioned case

20   pursuant to 28 U.S.C §§ 144 and 455.  Plaintiff alleges that bias and prejudice on

21   the part of this Court against Plaintiff.  The alleged bias and prejudice arises from

22   the Court's ruling against Plaintiff in previous rulings.

23          Section 144 requires a party to file a timely and sufficient affidavit that the

24   judge before whom the matter is pending has a personal bias or prejudice against

25   him.  28 U.S.C. § 144.  An affidavit filed pursuant to that section is not legally

26   sufficient unless it specifically alleges facts that fairly support the contention that

27   the judge exhibits bias or prejudice directed toward a party that stems from an

28   extrajudicial source.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 1**

1    While a judge has a duty to recuse himself or herself if the affidavit supports

2    a claim of legally cognizable bias or prejudice, he or she also has an equally

3    unavoidable duty not to recuse himself or herself when facts verified by an

4    affidavit do not support an allegation of legally cognizable bias or prejudice.

5    *United States v. Diorio*, 451 F.2d 21 (2nd Cir. 1971); *Edwards v. United States*, 334

6    F.2d 360 (5th Cir. 1964).

7    Section 455 is directed to judges and imposes a duty on the judge to

8    disqualify himself where the judge has a personal bias or prejudice concerning a

9    party. 28 U.S.C. § 455(b)(1).

10   Here, Plaintiff has failed to support his contention that this Court is biased or

11   prejudiced against him that stems from an extrajudicial source, and as such, it is

12   legally insufficient as a matter of law under section 144. Moreover, the Court does

13   not have a personal bias or prejudice against Plaintiff.

14   Therefore, Plaintiff's Motion for Recusal is denied.

15   **2.    Defendants' Motion for Summary Judgment**

16   In their answer, Defendants asserted a counterclaim for malicious

17   prosecution under Wash. Rev. Code § 4.24.350. Defendants now move for

18   summary judgment on their counterclaim.

19   Plaintiff challenges the counterclaim by arguing that he did not receive

20   proper notice of the claim because Defendants "buried [their] counterclaim on page

21   6 of [their] answer," and the "counterclaim looks like an afterthought by defendant

22   is not properly before the court." (Ct. Rec. 89).

23   The Court finds that the counterclaim was properly raised. Moreover, the

24   Court finds that Defendants have met their burden of showing that they are entitled

25   to relief under the malicious prosecution statute.

26   Wash. Rev. Code § 4.24.350 provides:

27   (1) In any action for damages, whether based on tort or contract or
     otherwise, a claim or counterclaim for damages may be litigated in the
28   principal action for malicious prosecution on the ground that the

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 2**

action was instituted with knowledge that the same was false, and
unfounded, malicious and without probable cause in the filing of such
action, or that the same was filed as a part of a conspiracy to misuse
judicial process by filing an action known to be false and unfounded.

(2) In any action, claim, or counterclaim brought by a judicial officer,
prosecuting authority, or law enforcement officer for malicious
prosecution arising out of the performance or purported performance
of the public duty of such officer, an arrest or seizure of property need
not be an element of the claim, nor do special damages need to be
proved. A judicial officer, prosecuting authority, or law enforcement
officer prevailing in such an action may be allowed an amount up to
one thousand dollars as liquidated damages, together with a
reasonable attorneys' fee, and other costs of suit. A government entity
which has provided legal services to the prevailing judicial officer,
prosecuting authority, or law enforcement officer has reimbursement
rights to any award for reasonable attorneys' fees and other costs, but
shall have no such rights to any liquidated damages allowed.

The purpose of the statute is to promote the interests of judicial economy
and to protect defendants from meritless attacks. *Hanson v. Estell*, 100 Wash.
App. 281, 286 (2000). Actions for malicious prosecution are not favored in the
law, although when the proper elements have been established, it is appropriate to
award damages. *Clark v. Baines*, 150 Wash. 2d 905, 911 (2004). A defendant may
only assert a malicious prosecution counterclaim under RCW 4.24.350 based on an
improperly filed cause of action as a whole. *Brin v. Stutzman*, 89 Wash. App. 809,
815 (1998).

Because Defendant Burt and Dale are law enforcement officers, in order to
prove a malicious prosecution counterclaim, they need to show: (1) that
prosecution claimed to have been malicious was instituted or continued by
Plaintiff; (2) that there was want of probable cause for the institution or
continuation of the prosecution; (3) that proceedings were instituted or continued
through malice; (4) that proceedings terminated on the merits in favor of
Defendants, or were abandoned; and (5) that Defendants suffered injury or damage
as a result of the prosecution. *Id.* Although all elements must be proven, malice
and want of probable cause constitute the gist of a malicious prosecution action.
*Id.*

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 3**

Here, the Court finds that there are no questions of material fact and that summary judgment is appropriate. Malice can be inferred by the fact that Plaintiff sued these two Defendants regardless of the fact that the identical claims based on the same conduct at issue in this case were dismissed by Judge Van Sickle in 2004. *See* Restatement (Second) of Torts § 679 (1977)[1]; *see also Greenburg v. Wolfberg*, 890 P.2d 895, 901 (Okla. 1994) (holding that repetitive suits for the same cause of action may be used as proof of an improper motive or of malice.). Plaintiff failed to present any evidence to rebut this inference. Plaintiff's claims were dismissed in favor of Defendants, and Defendants suffered injury as a result of the prosecution. Defendants are entitled to statutory damages and attorneys' fees. *See Cross v. City of Port Orchard*, 2001 WL 1609759 (9th Cir. 2001) (awarding liquidated damages and attorneys' fees pursuant to Wash. Rev. Code § 4.24.350 where plaintiff failed to raise genuine issue of material fact).

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion for Summary Judgment (Ct. Rec. 86) is **GRANTED**.

2.    Plaintiff's Motion to Recuse Judge Robert H. Whaley (Ct. Rec. 90) is **DENIED**.

---

[1]§ 679. Repetition of Civil Proceedings.

One who repeatedly initiates civil proceedings against another for the same case of action is subject to liability for the harm caused thereby, if (a) the proceedings are initiated without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim on which the proceedings are based, and (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.

*See also* Comment (c), indicating that termination of the first action in favor of the then defendant is normally conclusive evidence that there is no probable cause for bringing the second proceeding and is evidence that it was brought for an improper purpose.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 4**

3.    The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff in the amount of $2,000 in liquidated damages ($1000 awarded to Dean Burt and $1000 awarded to Dan Dale) and $3,366.55 in reasonable attorneys' fees.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to Plaintiff and counsel, and close the file.

**DATED** this 7th day of April, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Corrigan\grant3.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 5**